UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| DANIEL HINTON,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>DUSTIN JORGENSON,<br><br>　　　　　Defendant. | 4:24-CV-04150-RAL<br><br>OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS, DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL, AND 1915 SCREENING |

Plaintiff Daniel Hinton filed a pro se lawsuit under 42 U.S.C. § 1983. Doc. 1. He moves for leave to proceed in forma pauperis, Doc. 2, and for the appointment of counsel, Doc. 3.

I.　**Motion for Leave to Proceed in Forma Pauperis**

A federal court may authorize the commencement of any lawsuit without prepayment of fees when an applicant submits an affidavit stating he or she is unable to pay the costs of the lawsuit. 28 U.S.C. § 1915(a)(1). "[I]n forma pauperis status does not require a litigant to demonstrate absolute destitution." Lee v. McDonald's Corp., 231 F.3d 456, 459 (8th Cir. 2000). But in forma pauperis status is a privilege, not a right. Williams v. McKenzie, 834 F.2d 152, 154 (8th Cir. 1987). Determining whether an applicant is sufficiently impoverished to qualify to proceed in forma pauperis under § 1915 is committed to the sound discretion of the district court. Cross v. Gen. Motors Corp., 721 F.2d 1152, 1157 (8th Cir. 1983). After review of Hinton's financial affidavit, the Court finds that he has insufficient funds to pay the filing fee. Thus, Hinton's motion for leave to proceed in forma pauperis, Doc. 2, is granted.

## II.     1915 Screening

### A.     Factual Allegations of Hinton's Complaint

On August 26, 2022, Officer Dustin Jorgenson of the Sioux Falls Police Department (SFPD) initiated a search on an abandoned residence. Doc. 1 at 3. Hinton appears to allege that he was present when Jorgenson initiated the search. Id. Inside the residence, Jorgenson found three mountain bikes: an orange and black Haro Flightline, a black Giant Prowheel, and a black spray-painted Mongoose. Id. Jorgenson stated that he "ran the 3 bicycles['] serial [numbers] through metro but got no return." Id. The bicycles were collected and tagged into evidence, and Hinton did not receive a receipt of property. Id. Hinton claims that he owned the Haro bicycle and used it as a vehicle for his "work/town commuter." Id.

Hinton attempted to use the SFPD's online grievance webpage to file a complaint because his bicycle was not returned. Id. But the webpage did not work for approximately six months. Id. Hinton also filed a grievance for a phone that could not be found, which was resolved through the grievance system. Id. He filed a subsequent grievance about his bicycle, but he did not receive a response. Id.

Hinton does not specify if he sues Jorgenson in his individual or official capacity. See generally id. If the "complaint does not include an express statement that [he] is suing the individual defendants in their individual capacities, we consider [his] suit to be against the defendants in their official capacity." Kelly v. City of Omaha, 813 F.3d 1070, 1075 (8th Cir. 2016) (internal quotation omitted). Thus, this court must deem Hinton to be suing Jorgenson in his official capacity only. Hinton claims that Jorgenson violated his rights under the Fourth Amendment and seeks $120,000 in monetary damages. Doc. 1 at 3–4.

2

**B.    Legal Standard**

A court when screening under § 1915 must assume as true all facts well pleaded in the complaint. Est. of Rosenberg v. Crandell, 56 F.3d 35, 36 (8th Cir. 1995). Pro se and civil rights complaints must be liberally construed. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted); Bediako v. Stein Mart, Inc., 354 F.3d 835, 839 (8th Cir. 2004) (citation omitted). Even with this construction, "a *pro se* complaint must contain specific facts supporting its conclusions." Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) (citation omitted); see also Ellis v. City of Minneapolis, 518 F. App'x 502, 504 (8th Cir. 2013) (per curiam) (citation omitted). Civil rights complaints cannot be merely conclusory. Davis v. Hall, 992 F.2d 151, 152 (8th Cir. 1993) (per curiam) (citation omitted); Parker v. Porter, 221 F. App'x 481, 482 (8th Cir. 2007) (per curiam) (citations omitted).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citation omitted). If a complaint does not contain these bare essentials, dismissal is appropriate. See Beavers v. Lockhart, 755 F.2d 657, 663–64 (8th Cir. 1985). Twombly requires that a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true[.]" 550 U.S. at 555 (internal citation omitted); see also Abdullah v. Minnesota, 261 F. App'x 926, 927 (8th Cir. 2008) (per curiam) (noting that a complaint "must contain either direct or inferential allegations respecting all material elements necessary to sustain recovery under some viable legal theory" (citing Twombly, 550 U.S. at 553–63)). Further, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and that a recovery is very remote and unlikely." Braden v. Wal-Mart

Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (internal quotation omitted) (quoting Twombly, 550 U.S. at 556).

When a district court determines a plaintiff is financially eligible to proceed in forma pauperis under 28 U.S.C. § 1915(a), the court must then determine whether the complaint should be dismissed under 28 U.S.C. § 1915(e)(2)(B). Martin-Trigona v. Stewart, 691 F.2d 856, 857 (8th Cir. 1982); see also Key v. Does, 217 F. Supp. 3d 1006, 1007 (E.D. Ark. 2016). The court must dismiss claims if they "(i) [are] frivolous or malicious; (ii) fail[ ] to state a claim on which relief may be granted; or (iii) seek[ ] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

### C.   Hinton's Causes of Action

Hinton sues Jorgenson in his official capacity. The only relief he seeks is money damages. Doc. 1 at 3–4. "A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity." Veatch v. Bartels Lutheran Home, 627 F.3d 1254, 1257 (8th Cir. 2010). Thus, Hinton's claims against Jorgenson in his official capacity for money damages are equivalent to claims against the City of Sioux Falls.

"[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). A municipal government may be sued only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy," deprives a plaintiff of a federal right. Id.; see also Clay v. Conlee, 815 F.2d 1164, 1170 (8th Cir. 1987) (finding that "the [governmental] entity's official 'policy or custom' must have 'caused' the constitutional violation" in order for that entity to be liable under § 1983). A § 1983 complaint does not need to "specifically plead the existence of an unconstitutional policy or custom to survive

4

a motion to dismiss." Crumpley-Patterson v. Trinity Lutheran Hosp., 388 F.3d 588, 591 (8th Cir. 2004) (citing Doe ex rel. Doe v. Sch. Dist., 340 F.3d 605, 614 (8th Cir. 2003)). But the complaint must include some allegation, reference, or language that creates an inference that the conduct resulted from an unconstitutional policy or custom. Id.; see also Doe, 340 F.3d at 614 ("At a minimum, a complaint must allege facts which would support the existence of an unconstitutional policy or custom.").

Hinton alleges a claim for violation of his rights under the Fourth Amendment against Jorgenson in his official capacity. Doc. 1 at 3. Hinton claims that he filed a grievance with the SFPD "requesting the basis for the policy to have grounds for action taken on 8/26/2022." Id. Thus, Hinton has narrowly and indirectly alleged that SFPD had an unconstitutional policy that allowed for violation of his Fourth Amendment rights. Therefore, this Court must consider if Hinton alleges a viable claim that his Fourth Amendment rights were violated.

The Fourth Amendment provides "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures[.]" U.S. Const. amend IV. "A seizure of property under the Fourth Amendment occurs when there is 'some meaningful interference with an individual's possessory interests in that property.'" Burlison v. Springfield Pub. Schs., 708 F.3d 1034, 1039 (8th Cir. 2013) (quoting Dixon v. Lowery, 302 F.3d 857, 862 (8th Cir. 2002)). "It is well settled that a seizure carried out without judicial authorization is per se unreasonable unless it falls within a well-defined exception to this requirement." Dixon, 302 F.3d at 862.

SFPD officers seized Hinton's Haro bicycle during a search of an abandoned residence. Doc. 1 at 3. While it is unclear from Hinton's complaint why his bicycle was seized at an abandoned residence, whether the bicycles were seized using a warrant, and whether he was the

owner of the other two bicycles seized, this Court cannot at this stage say that Hinton's Fourth Amendment unreasonable seizure claim is wholly without merit. See id. Therefore, Hinton's Fourth Amendment claim for unreasonable seizure of his Haro bicycle against Jorgenson in his official capacity for money damages narrowly survives § 1915 screening.

Hinton also alleges that his bicycle has been retained in violation of his rights. See Doc. 1 at 3. Some courts have analyzed claims for retention of property that had been validly seized under the Fourteenth Amendment due process clause, not the Fourth Amendment. Hopkins v. City of Bloomington, 2013 WL 5406671, at *10 (D. Minn. Sept. 25, 2013) (collecting cases); see also Walters v. Wolf, 660 F.3d 307, 314 (8th Cir. 2011) (holding that a refusal to return validly seized property is a separate due process claim). Whether Hinton has alleged sufficient facts for a Fourteenth Amendment claim to survive § 1915 screening is a very close call. Hinton has indirectly alleged that the initial seizure was in accordance with a policy of the SFPD, and his allegation that the prolonged retention of his bicycle was in accordance with a policy or custom is similarly very indirect, focused on the failure of SFPD's grievance process to produce any response. See Doc. 1 at 3. Therefore, Hinton's Fourteenth Amendment due process claim against Jorgenson in his official capacity for money damages for retention of Hinton's bicycle narrowly survives § 1915 screening.

### III. Motion to Appoint Counsel

Hinton filed a motion to appoint counsel. Doc. 3. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998). In determining whether to appoint counsel to a pro se litigant, this Court considers the complexity of the case, the ability of the litigant to investigate the facts, the existence of conflicting testimony, and the litigant's ability to present his claims. Id. At this time, Hinton's

claims do not appear to be complex, and he is able to investigate the facts and present his claims adequately. This Court believes that Hinton is capable of pursuing his claims pro se at this phase of litigation, and his motion to appoint counsel, Doc. 3, is denied at this time.

## IV.   Conclusion

Accordingly, it is

ORDERED that Hinton's motion for leave to proceed in forma pauperis, Doc. 2, is granted. It is further

ORDERED that Hinton's Fourth Amendment claim for unreasonable seizure of his Haro bicycle against Jorgenson in his official capacity for money damages survives § 1915 screening. It is further

ORDERED that Hinton's Fourteenth Amendment due process claim against Jorgenson in his official capacity for money damages survives § 1915 screening. It is further

ORDERED that Hinton's motion to appoint counsel, Doc. 3, is denied. It is further

ORDERED that the Clerk shall send a blank summons form and United States Marshals Service Form (Form USM-285) to Hinton so that he may complete the form to cause the complaint to be served upon Jorgenson. It is further

ORDERED that Hinton shall complete and send the Clerk of Court a summons and USM-285 form within **thirty days from the date of this Court's screening order**. Upon receipt of the completed summons and USM-285 form, the Clerk of Court will issue the summons. If the completed summons and USM-285 form are not submitted as directed, the complaint may be dismissed. It is further

ORDERED that the United States Marshals Service shall serve the completed summonses, together with a copy of the complaint, Doc. 1, and this order upon Jorgenson. It is further

ORDERED that Defendant shall serve and file an answer or responsive pleading to the amended complaints and supplement on or before 21 days following the date of service or 60 days if the Defendant falls under Fed. R. Civ. P. 12(a)(2) or (3). It is finally

ORDERED that Hinton keep the Court informed of his current address at all times. All parties are bound by the Federal Rules of Civil Procedure and by this Court's Civil Local Rules while this case is pending.

DATED December 31st, 2024.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE